**RICH ART SIGN CO., INC. t/a Rich Art Graphics**

v.

**Jordan L. RING and Leslie H. Rudnick and Ring, Rudnick, Grefe & Freed, P.C. and Linda C. Rodman, a/k/a Linda C. Emas, individually and as Trustee of the Eight Eleven Trust and Bank Five for Savings of Arlington, Massachusetts.**

Civ. A. No. 88–3207.

United States District Court, E.D. Pennsylvania.

Nov. 15, 1988.

Neil E. Jokelson, Neil E. Jokelson & Associates, P.C., Philadelphia, Pa., for plaintiff.

Michael P. O'Connor, Murphy and O'Connor, Philadelphia, Pa., Lorraine J. Zwolak, for Jordan L. Ring, Leslie H. Rudnick and Ring, Rudnick, Grefe & Freed, P.C.

David I. Bookspan, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., H. Robert Fiebach, for Linda C. Rodman, a/k/a Linda C. Emas.

Gene E.K. Pratter, Duane, Morris & Heckscher, Philadelphia, Pa., for Bank Five for Sav. of Arlington, Mass.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

In 1986, plaintiff, Rich Art Sign Co., filed a malpractice action against its accountant, Herbert Rodman. That matter (hereinafter "Rich Art I") resulted in a judgment in favor of plaintiff in the amount of $200,-000.00. The judgment was entered on March 7, 1987. On April 15, 1988, plaintiff filed the instant suit against counsel for the defendant in Rich Art I, Jordan Ring, Leslie Rudnick and their law firm, asserting they violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* and committed fraudulent and tortious acts while representing Mr. Rodman. On August 9, 1988 the instant complaint (hereinafter "Rich Art II") was dismissed for lack of in personam jurisdiction, but plaintiff was granted thirty (30) days leave to renew the RICO claims if the plaintiff could present evidence to support the claim of personal jurisdiction. Plaintiff has not responded. On September 30, 1988, the Rich Art II defendants filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. For the reasons stated below, we deny the motion for sanctions against plaintiff's counsel.

In its motion for sanctions, defendants assert the complaint in Rich Art II was groundless and propounded merely to harass and annoy the defendants because of their previous representation of Mr. Rodman. Specifically, the defendants focus on the lack of facts supporting the RICO claim and plaintiff's choice of forum. Further, defendants claim that Ring's counseling of Mr. Rodman affords defendant Ring complete "judicial immunity." Therefore, defendants assert plaintiff's claims are without foundation and require Rule 11 sanc-

tions to be imposed against plaintiff's counsel.

Fed.R.Civ.P. 11 provides:

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

When deciding whether to grant sanctions against a signer of a frivolous complaint, courts must realize that Rule 11 should not be recognized as a general fee shifting device. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir.1987). Rather, the purpose of Rule 11 is to correct litigation abuse. *Id.* The Rule authorizes sanctions on an attorney "who violates his or her certification that good grounds support his or her pleading and that the pleading is not interposed for delay." *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985). It is not enough to sanction counsel whose only fault was being unsuccessful in a ruling or judgment. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir.1987).

In evaluating the merits of imposing sanctions, courts are guided by a reasonableness under the circumstances standard. *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.1988). Courts are expected to avoid using hindsight and test the signer's conduct only by inquiring whether the complaint was reasonable at the time the pleading was submitted. *Id.* at 68. Furthermore, sanctions are "appropriate regarding . . . a lawsuit only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Id.*

Here, defendants failed to prove that the RICO claim was frivolous. Although a pleading filed with hostility as the defendants claim, might be sanctionable, the defendants failed to prove that, to the signer's knowledge, information and belief, the complaint was not well grounded in fact when filed. Fed.R.Civ.P. 11. At the time of filing, plaintiff conceivably possessed a legitimate grievance [1] possibly requiring adjudication.[2] In their brief, defendants assert that the earlier complaint highlights the animosity and true purposes of the plaintiff. Further, in a reply to the plaintiff's response to the motion for sanctions, defendants assert that the plaintiff should have known that a RICO charge carried a damaging stigma. Such allegations and innuendoes, however, are insufficient to impose Rule 11 sanctions.

Finally, we note that the defendants in their briefs cite *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927, 929 (1977) for the doctrine of judicial immunity as evidence of plaintiff's bad faith. Had defendants' counsel read further, however, it would have become clear that the theory is, at best, inapposite to this case. Such theory provides immunity with respect to "defamatory statements made in the pleadings or in the courtroom." *Id.* at 929. Judicial Immunity does not reach activities between client and counsel, but rather potentially libelous statements made in pleadings and during the actual trial of a case. *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986).

The burden of proof on Rule 11 falls here on the defendants. We find they failed to prove that the plaintiff did not have a legitimate claim when he filed his complaint. Therefore, we will deny defendants' motion for Rule 11 sanctions.

---

1. Plaintiff won a judgment against Mr. Rodman, but Mr. Rodman allegedly concealed his assets, thereby rendering himself judgment proof.

2. While the defendants suggest that plaintiff merely filed the RICO claim to gain access to federal court, we did not reach the merits of the claim.