Mary **LUKAS** and Ronald
**Lukas, Plaintiffs,**

v.

**NASCO INTERNATIONAL, INC. and
Cosco, Inc., Defendants.**

Civ. No. 89–0664.

United States District Court,
D. New Jersey,
Camden Vicinage.

Oct. 20, 1989.

---

Michael Sussen, Clifford L. Van Syoc Law Offices, Cherry Hill, N.J., for plaintiffs.

Deborah H. Simon, Archer & Greiner, Haddonfield, N.J., for defendants.

## OPINION

JEROME B. SIMANDLE, United States Magistrate:

The present action arises out of injuries sustained by plaintiff Mary Lukas, a teacher who fell off the top of a step stool in her home economics classroom in 1986, fracturing an arm and a tailbone. Plaintiff alleges that the stepstool, which was manufactured by defendants Nasco International, Inc. and Cosco, Inc., was defective because it contained an inadequate warning to not stand on the top step.

Presently before the court is plaintiffs' motion, filed September 8, 1989, to bar defendants' liability expert testimony due to defendants' alleged failure to timely serve such reports in accordance with this court's September 20, 1988 Amended Scheduling Order. Additionally, plaintiffs seek to vacate that portion of my August 22, 1989 Letter Opinion and Order which awarded sanctions against Clifford L. Van Syoc, Esquire, for plaintiffs' unexcused failure to timely serve plaintiffs' experts' reports as required by my September 20, 1988 Amended Scheduling Order.

Plaintiffs' motion ignores the essential fact that this court's Order of August 22, 1989, which permitted the plaintiffs' belated service of a liability expert's report as of that date, also extended the deadline for defendants' service of a rebuttal expert's report until September 11, 1989, and that defendants' expert's report was not even overdue on September 8, 1989, when this motion was filed. Plaintiffs' counsel refused to withdraw this motion when defense counsel timely served her expert's reports on September 11, 1989, for reasons evidencing harassment and bad faith. Finally, plaintiffs' present motion contains no argument or reasons why the August 22 Order should be vacated, as discussed below.

For the following reasons, plaintiffs' motion shall be denied, and sanctions will be imposed against plaintiffs' attorneys due to the frivolous nature of the present motion, pursuant to Rule 11, Fed.R.Civ.P.

*Factual Background and Procedural History*

On August 22, 1989, this court issued a Letter Opinion and Order denying defendants' motion for an order barring plaintiffs from presenting liability expert testimony due to plaintiffs' failure to timely submit such reports in accordance with the deadline set in my September 20, 1988 Amended Scheduling Order.[1] This deadline was keyed to the decision of plaintiffs' partial summary judgment motion then pending before the Honorable Joseph H. Rodriguez. In accordance with this Order, plaintiffs were required to submit their liability expert reports within thirty (30) days from the date of the court's decision on the partial summary judgment motion, which plaintiffs failed to do. In resolving that motion, the court concluded that the sanction of preclusion was too drastic and disproportional to the harm caused by plaintiffs' noncompliance, because precluding expert testimony would "essentially end plaintiffs' products liability claim." (Letter Opinion and Order, August 22, 1989, p. 5.)

Thus, instead of precluding testimony, the court permitted the untimely submission of plaintiffs' expert's report in August, and granted defendants additional time to submit a rebuttal report. Defendants were given the option of either supplementing their timely filed experts' reports of August 18, 1988, and August 31, 1988, or submitting a new report before September 11, 1989, to allow defendants to respond directly to plaintiffs' expert's report that was submitted to the court and defendants only days before this preclusion motion was returnable. Further protecting their position, defendants' experts' reports were furnished to the undersigned on August 8, 1989, so as to comply with the court's September 20, 1988 Amended Scheduling Order which required defendants to exchange their experts' reports within sixty (60) days of Judge Rodriguez's decision on plaintiffs' partial summary judgment motion. Plaintiffs now claim that defendants have not complied with the September 20, 1988 Scheduling Order deadline for submitting experts' reports because as of September 6, 1989, defendants' experts' reports had not yet been received.

In light of this court's Letter Opinion and Order of August 22, 1989, plaintiffs' present contention that defendants' "failure" to comply with the September 20, 1988 Amended Scheduling Order provides a basis for precluding defendants from introducing expert testimony is meritless. The court explicitly granted defendants additional time to submit their expert reports beyond the original August 15, 1989 deadline due to the untimely filing of plaintiffs' own expert's report. This was obviously done to alleviate the prejudice caused to defendants by plaintiffs' unexcused disregard for the earlier timetable necessitating the prior motion, and the new deadline essentially preserved the same interval for a rebuttal report by defendants as the defendants previously enjoyed under the Amended Scheduling Order. In this regard, the opinion clearly stated that the September 20, 1988 Amended Scheduling Order as it pertained to the scheduled exchange of experts' reports was superseded and "deemed amended accordingly" (Letter Opinion and Order, August 22, 1989, p. 7). Accordingly, pursuant to the deadline set forth in my August 22 Letter Opinion and Order, defendants were given until September 11, 1989 to exchange experts' reports. Thus, plaintiffs' present reliance upon the September 20, 1988 Amended Scheduling Order deadline to support the present motion is misplaced at best to say the very least.

---

1. It is noteworthy that the September 20, 1988 Amended Scheduling Order was itself entered to afford an additional opportunity to plaintiff to adduce liability expert testimony if necessary, as plaintiff had already missed the July 18, 1988 deadline for service of expert reports set by the Order of March 8, 1988 in this case. In August of 1988, when the plaintiff's failure to serve an expert report concerning product defect or lack of warning in this product liability case was unexplained, defendants protected their rights by furnishing their proposed expert's report to the undersigned on August 22, 1988, to be held until such time as plaintiffs, the parties with the burden of proof on this issue, came forward with an affirmative liability expert's report. For a full year, the defendants have thus stood willing to defend this case, awaiting plaintiffs' expert report.

In her opposition papers, Ms. Simon has advised the court that on September 11, 1989, defendants' liability expert reports dated August 18, 1988, August 31, 1988, and September 8, 1989 were hand delivered to plaintiffs' counsel Clifford L. Van Syoc, Esquire. Ms. Simon also states that after she received plaintiffs' motion, she contacted Mr. Sussen, advised him that defendants had served their expert reports on September 11, and requested a withdrawal of the present motion because she believed defendants complied with the deadline set in the August 22 Letter Opinion and Order. Mr. Sussen refused, and allegedly advised Ms. Simon that he would not withdraw the motion unless defendants withdrew their application for counsel fees awarded to defendants in connection with plaintiffs' failure to comply with the original deadline for serving experts' reports. On September 12, 1989, Ms. Simon wrote to Mr. Sussen restating her position that the present motion should be withdrawn, and advised Mr. Sussen that if a withdrawal was not forthcoming, counsel fees and costs incurred with respect to responding to this motion would be sought. Mr. Sussen was asked to respond before September 20, 1989 as to plaintiffs' intentions to proceed with the motion. As of September 21, 1989, no response was received from Mr. Sussen, and this motion was returnable without oral argument on October 6, 1989.

### Discussion of Law

■ In light of the explicitness of this court's previous Letter Opinion and Order, and the fact that defendants submitted their expert's reports in accordance with the deadline set therein, plaintiffs' present motion to preclude expert testimony is denied. Furthermore, I am awarding defendants their costs and fees incurred in defense of this motion, as defense counsel requests, because this motion should never have been filed since my August 22, 1989 Opinion clearly stated that the defendants' deadline for filing experts' reports was being extended to September 11, 1989 to alleviate the prejudice suffered by defendants as a result of plaintiffs' untimely submission of experts' reports. As already noted, that Opinion at page 6 explicitly

provided that the September 22, 1989 Amended Scheduling Order deadline for exchanging experts' reports was to be "deemed amended" in accordance with the time period set forth in the court's Opinion. The language of this Opinion is so clear that it is susceptible to but one reasonable interpretation; namely, that defendants were accorded until September 11, 1989 to submit their experts' reports, a requirement they fully satisfied here by hand delivering their reports to Mr. Van Syoc's office on September 11, 1989. Once Mr. Sussen was reminded by Ms. Simon of the September 11 deadline and the fact that defendants' reports had been submitted on this date, the present motion should have been immediately withdrawn. Thus, because the present motion has been a needless waste of both this court's and defendants' time, unfounded in fact or law and brought for an improper purpose, sanctions are warranted.

As a sanction, I am ordering that defendants' counsel fees and costs incurred in defending the present motion be shifted under Rule 11, Fed.R.Civ.P. due to the utter lack of substantial basis for filing this motion. Rule 11 applies to every pleading, motion and other papers of a party represented by an attorney, including plaintiffs' present motion to preclude defendants' expert witness under the Amended Scheduling Order. Rule 11 applies explicitly to discovery motions, *see* Advisory Committee Note, Rule 11 (1983 Amendment). Rule 11 provides in relevant part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other papers; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

Rule 11 further provides that if a pleading, motion or other paper is signed in

violation of this rule, the court, upon motion on its own initiative

shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

Rule 11 sanctions may be imposed "where the claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). The court must evaluate the signer's conduct "by inquiring what was reasonable to believe at the time the pleading, motion, or other papers was submitted," Advisory Committee Note, Rule 11 (1983 Amendment), under a standard of "reasonableness under the circumstances," *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987). The "reasonableness" standard places a burden upon the signer which is "more stringent than the original good faith requirement because it represents an objective, rather than a subjective, standard." Wright, Miller & Kane, 5 *Federal Practice and Procedure* § 1333 at 177 (Supp.1987), quoted in *Dura Systems, Inc. v. Rothbury Investments, Ltd.*, 886 F.2d 551, 556, (3d Cir., 1989).

█ In the present circumstances, I find that plaintiffs' counsel, Michael Sussen, Esquire, and the Clifford L. Van Syoc Law Office, Chartered, have violated Rule 11 by filing a frivolous motion on September 8, 1989, to bar defendants' expert's testimony for untimeliness where the deadline for serving the defense expert's report had not yet even expired. I further find, as discussed above, that Rule 11 was further violated because this meritless motion was filed for an improper purpose, namely, to harass the defendants who had been successful in the prior motion practice leading to the August 22nd Order for the sake of inducing defendants to withdraw their petition for the attorneys fees and costs awarded against plaintiffs' counsel in the August 22nd Order. Furthermore, the plaintiffs' September 8 notice of motion could not have been filed with a good faith belief, by objective standards, in its well-groundedness in fact or law, as required by Rule 11, because the motion ignored the established law of the case and contained no argument in support of a change of the ruling of the August 22nd Order.[2]

Finally, if despite these obvious defects plaintiffs' counsel had agreed to withdraw this motion, the defense counsel could have been spared the needless compounding of efforts defending against this failed harassment tactic, and the Rule 11 attorneys fee sanction might not have been sought. This court will always encourage counsel to heed Rule 11's command to stop, look and listen, that is, to reevaluate the pleading and to withdraw it before harm is done to the adversary or to the judicial process. Mr. Sussen was explicitly afforded that opportunity here, by Ms. Simon, as noted above, and Mr. Sussen's silent response was deafening.

In considering the appropriate Rule 11 sanction, it must be noted that this is not the first time that a sanction has been imposed against plaintiffs' counsel's firm in this case, and a sanction greater than mere reimbursement of defense counsel's fees and costs would be justified. I am mindful, however, that a greater sanction would cause harm to the plaintiff herself, and nothing suggests that she directed her attorneys to engage in this tactic. Also, defense counsel's opposition papers requested only "the cost and fees incurred in opposing plaintiffs' motion" [Certification in Opposition, ¶ 10], rather than greater sanctions.

For these reasons, attorneys fees and costs will be awarded under Rule 11 in favor of defendants Nasco International, Inc. and Cosco, Inc., and against plaintiffs' counsel, Mr. Sussen, Esquire, and the Clifford L. Van Syoc Law Offices, Chartered.

**2.** This motion, in addition to seeking to bar defendant's liability expert, sought to "vacate the Court's Order imposing sanctions and impose sanctions against defendant Cosco." No brief was submitted and Mr. Sussen's supporting Certification (filed September 8, 1989) likewise contained no suggestion why the August 22 Order should be vacated.

It is hoped that this monetary Rule 11 sanction will deter the filing of such frivolous motions in the future.

If defendants seek reimbursement, defense counsel shall submit an Affidavit of Costs and Fees incurred in connection with this motion, setting forth each item of time and expense with particularity within *ten (10) days*, whereupon plaintiffs' counsel will have *seven (7) days* to object as to amount. Thereafter, I will enter an order fixing the amount of this Rule 11 sanction.

### *Plaintiffs' Objection to Form of Order of September 19, 1989*

Plaintiffs' counsel has also filed an objection to the form of Order previously submitted by Ms. Simon to recover those sanctions awarded by the court's August 22, 1989 Letter Opinion and Order. Specifically, plaintiff objects to ¶ 3 of Ms. Simon's Affidavit of Costs, because Mr. Sussen claims that Ms. Simon stated that on August 17, 1989 she had a twenty-four (24) minute telephone conference with him concerning the withdrawal of her motion, while Mr. Sussen maintains that the conference lasted for only six (6) minutes.

Pursuant to the court's previous Letter Opinion and Order, plaintiffs' counsel was given seven (7) days to submit an objection to defendants' Affidavit of Costs and Fees. Ms. Simon's Affidavit was filed with this court on August 28, 1989. Accordingly, any objections to the amount certified in the Affidavit should have been filed with the court by September 7, 1989. Mr. Sussen did not file the present motion containing his objection to Ms. Simon's Affidavit of Costs until September 8, 1989. Although the objection was untimely, it was considered in my September 19, 1989 Order fixing the fee award. Whether that telephone call lasted 6 minutes or 24 minutes is not essential, because in fact the total time expended by Ms. Simon was only 3.4 hours, which is quite efficient considering the efforts which she undertook upon that motion. The differential between the recollections of counsel, amounting to 18 minutes out of 3.4 hours of time claimed, is an example of pseudo-dispute not worthy of resolution. Also, in light of the Rule 11 violation permeating this present motion, one is hard-pressed to credit Mr. Sussen's undocumented recollection of the time a telephone call required. The present request will be denied, and the September 19, 1989 award of $401.30 as sanctions will be upheld in its entirety.

### *Conclusion*

For the foregoing reasons, plaintiffs' motion will be denied, and sanctions in favor of defendants against Michael Sussen, Esquire, and the Clifford L. Van Syoc Law Offices, Chartered, shall be awarded pursuant to Rule 11, Fed.R.Civ.P.