The **HILMON COMPANY (V.I.), INC.,**
A Corporation, Plaintiff,

v.

**HYATT INTERNATIONAL,**
S.A., et al., Defendant.

**Civ. No. 87–37.**

District Court, Virgin Islands,
Div. St. Thomas and St. John.

Aug. 20, 1991.

Emilio T. Gurrola, McKiernan Gurrola Moriwaki & Brady, Los Angeles, Cal., Richard P. Farrelly, Birch deJongh & Farrelly, St. Thomas, U.S.V.I., for plaintiff.

Warren B. Cole, Hunter Colianni Cole & Turner, Christiansted, St. Croix, U.S.V.I. for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge:

### I. *Introduction*

■ Presently before this Court is a motion for costs and attorney's fees filed pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 (1982) by defendants Hyatt International[1], S.A., Hyatt Corporation, Hyatt Development Corporation, and Richard L. Schulze ("defendants"). An opposition thereto has been filed by plaintiff The Hilmon Company. Defendants assert that plaintiff, in pursuing the underlying action, has engaged in abusive litigation tactics in violation of Fed.R.Civ.P. 11. After review of the submissions of both parties, the Court concludes that defendants' motion must be denied.

### II. *Facts and Procedure*

Plaintiff filed the underlying action, naming thirteen parties as defendants, on January 30, 1987. On February 3, 1988, the Court granted a motion to quash service as to defendant Hyatt International and a motion to dismiss for lack of personal jurisdiction as to defendants Hyatt Developmental Corporation and Richard L. Schulze. On

---

1. Final judgment has been entered in favor of defendant Hyatt International and, therefore, the instant motion is untimely. *Mary Ann Pen-* *siero, Inc. v. Lingle,* 847 F.2d 90, 100 (3d Cir. 1988). The motion will, however, be addressed as to the other defendants.

March 15, 1988, the Court issued another order, dismissing the complaint against defendant Hyatt Corporation for lack of personal jurisdiction[2]. Plaintiff then filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b), asking the Court for an opportunity to plead facts sufficient to establish personal jurisdiction as to the dismissed defendants. Citing Hilmon's lack of due diligence as the basis for their decision, the Court denied plaintiff's motion in an order dated June 22, 1988. Also in the order, the Court, *sua sponte*, dismissed the complaint against Hyatt International noting plaintiff's persistent failure to effect prompt service. Intending to appeal the Court's decision, plaintiff filed a motion requesting an entry of a final judgment[3] pursuant to Fed.R.Civ.P. 54(b).[4] In an order dated March 31, 1989, the Court granted the motion, but only as to Hyatt International. The Court later explained that plaintiff had "failed to apply for relief as to the dismissal of the other defendants in a timely fashion" and, therefore, "could not seek to bring those defendants back into the case".[5]

Upon receiving this order, plaintiff appealed to the Court of Appeals for the Third Circuit challenging the Court's refusal to enter a final judgment as to the other three defendants as well as challenging the dismissal of the complaint against Hyatt International for failure to effect proper service. The Third Circuit held that they were without jurisdiction to review, on a interlocutory basis, the district court's refusal to enter a final judgment and affirmed the Court's decision to dismiss the complaint against Hyatt International. In addition, in response to a motion filed pursuant to Fed.R.App.P. 38 by defendants, the Third Circuit concluded that plaintiff's appeal was frivolous and awarded defendants Twenty–Three Thousand Three Hundred and Ninety–Three Dollars and Twenty–Three Cents ($23,393.23) in attorney's fees and Two Thousand Two Hundred and Sixty–Seven Dollars and Fifty–Three Cents ($2267.53) in costs.

### III. *Discussion*

In the instant motion, defendants assert that plaintiff's complaint and subsequent Rule 60(b) motion were frivolous and constitute a Rule 11 violation.[6]

Rule 11 states, in relevant part:

[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause

---

**2.** The court had intended to include Hyatt Corporation along with Hyatt Development and Richard Schulze in their dismissal for lack of personal jurisdiction in the February 3, 1988 order. *The Hilmon Company (V.I.), Inc. v. Hyatt Int'l*, Civil No. 1987–37 (D.V.I. Mar. 15, 1988) (order stating, "We agree that Hyatt [Corporation] was inadvertently omitted from our prior order.").

**3.** Lacking an entry of a final judgment as to four above named defendants, plaintiff would be required to wait until the termination of the proceedings as to all parties before filing an appeal. *See Shirey v. Bensalem Township*, 663 F.2d 472, 474–75 (3d Cir.1981).

**4.** Rule 54(b) provides in part: "[In an action], when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision ... shall not terminate the action as to *any* of the claims or parties...." (emphasis added).

**5.** *The Hilmon Company (V.I.) Inc. v. Hyatt Int'l*, Civil No. 1987–37 (D.V.I. Sept. 1, 1989) (order denying plaintiff's motion for clarification of the court's order dated March 31, 1989).

**6.** Defendants, in the instant motion, also complain of plaintiff's "series of attempted appeals." The Third Circuit has addressed any Rule 11 violations related to the appeals brought by plaintiff. The only other appeal the Court is aware of is one addressing the Court's denial of plaintiff's Rule 60(b) motion. This "appeal" was subsequently withdrawn upon plaintiff's discovery of jurisdictional problems and, thus, will not be addressed by the Court.

unnecessary delay or needless increase in the cost of litigation.

\* \* \* \* \* \*

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

Defendants contend that plaintiff's complaint was frivolous on the merits. This issue was never addressed by the district court due to the early dismissal of the complaint against the defendants on procedural grounds [7]. Defendants also contend that the Rule 60(b) motion filed by plaintiff was frivolous and point to comments made by the district court that they claim support this contention.

Plaintiff, in its opposition, fails to directly address defendant's allegations concerning the complaint and Rule 60(b) motion and instead generally denies that its behavior in this case was in violation of Rule 11.

"Rule 11 ... is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation....'" *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir.1986) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986)). "The standard for testing conduct under Rule 11 is reasonableness under the circumstances." *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.1988). It is an objective test with subjective good faith being insufficient to avoid sanctions. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987).

"The goal of Rule 11 ... is not wholesale fee shifting but correction of litigation abuse." *Gaiardo*, 835 F.2d at 483. Sanctions should not be brought against a party whose only sin is being on the unsuccessful side of a ruling or judgment. *Id.*

■ Nothing in the record leads the Court to conclude that plaintiff's original complaint was frivolous on the merits. Plaintiff made a number of procedural errors in the course of pursuing its claim but these errors do not affect the merits of the underlying complaint.

■ When filing its motion pursuant to Fed.R.Civ.P. 60, plaintiff was exercising an option available to correct its prior failure to establish personal jurisdiction. Defendants claim that "[t]he court chastised [plaintiff] for failing to do the 'modicum of research' which would have revealed that its Rule 60(b) motion was not well-founded." *See* Defendant's Motion for Costs and Attorney's Fees at 3. The Court reads the language differently. In the paragraph referred to by defendant, the district court admonishes plaintiff for its failure to provide case law to support its Rule 60(b) motion and points out that a "modicum of research" would have revealed the relevant cases. *The Hilmon Company (V.I.), Inc. v. Hyatt International* Civil No. 1987–37 (D.V.I. June 22, 1988) (order denying plaintiff's motion filed pursuant to Fed.R.Civ.P. 60(b)). The court does not, however, state that these cases would have revealed that plaintiff's motion was not well-founded.

As stated above, the Third Circuit awarded defendant attorney's fees and costs after concluding that plaintiff's appeals were frivolous. These "frivolous" appeals, however, dealt with plaintiff's appeal regarding the District Court's decision as to the Rule 54(b) motion and the Court's dismissal of the complaint against Hyatt International due to plaintiff's failure to effect proper service. *The Hilmon Co. (V.I.) Inc. v. Hyatt International*, 899 F.2d 250, 252 (3d Cir.1990). The merits of the case and the Rule 60(b) motion were not addressed on appeal.

The Third Circuit has held that sanctions should only be imposed "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). For the reasons discussed, the

---

7. The underlying complaint was never pursued as to the other nine parties and subsequently dismissed. *The Hilmon Co. (V.I.) Inc. v. Hyatt*

*International*, Civil No. 1987–37 (D.V.I. July 11, 1991) (order dismissing matter for failure to prosecute).

Court concludes that "exceptional circumstances" are not present in this case.

 Defendants also seek costs and attorney's fees recoverable under 28 U.S.C. § 1927. Section 1927 provides for the recovery of any costs, expenses, and attorney's fees reasonably incurred because of an attorney's unreasonable and vexatious multiplication of proceedings in a case. 28 U.S.C. § 1927. Section 1927, however, requires a showing of actual bad faith before fees and costs may be imposed. *Baker Indus. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir.1985). The Court finds that no evidence of bad faith has been presented by defendants and, therefore, 28 U.S.C. § 1927 is inapplicable to the instant case.

## IV. *Conclusion*

For the reasons discussed, defendant's motion for costs and attorney's fees pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 will be denied.

An appropriate Order will be entered.