899 F.2d 1350
 RICO Bus.Disp.Guide 7454
 Catherine M. JONES
v.
PITTSBURGH NATIONAL CORPORATION t/d/b/a Pittsburgh National
Bank, a federally-chartered banking corporation; American
Motors Corporation, a Delaware Business Corporation; Amica
Mutual Insurance Company, a Rhode Island Business
Corporation; American Auto Sales, Incorporated, t/d/b/a
Wilkinsburg Jeep, a Pennsylvania Business Corporation;
Whitehall Adjusters, a Pennsylvania Business Corporation;
McKean Motors, Inc., a Pennsylvania Business Corporation;
Golick Corporation, a Pennsylvania Business Corporation;
Streets Run Auto Service, a Pennsylvania Business Corporation
v.
David A. JONES, Third party deft., Appellant.
 No. 89-3626.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 6, 1990.
Decided April 3, 1990.
 
 David A. Jones (argued), Professor of Law & Management Graduate School of Public and Intern. Affairs University of Pittsburgh, Pittsburgh, Pa., appellant pro se.
 G. Richard Gold and Ann M. Weinthal, Campbell, Sherrard & Burke, P.C., Pittsburgh, Pa., for Pittsburgh Nat. Corp., Golick Corp., and Street Run Auto Service.
 Diana F. Wilkins and Barry M. Simpson, Ecker, Rome and Simpson, P.C., Pittsburgh, Pa., for McKean Motors, Inc.
 Kenneth W. Lee (argued), Plowman & Spiegel, Pittsburgh, Pa., for American Sales, Inc.
 Kenneth S. Mroz, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., for American Motors Corp., Amica Mut. Ins. Co., and Whitehall Adjusters, appellees.
 Before SLOVITER, GREENBERG and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 David Jones (appellant), an attorney, appeals from the order of the district court dated August 22, 1989, denying his motion for recusal of the district judge and for reconsideration of the allowance of attorneys' fees and expenses against him.
 
 
 2
 * This court views a motion characterized as a motion for reconsideration as the "functional equivalent" of a Rule 59(e) motion to alter or amend a judgment. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986); see Fed.R.Civ.P. 59(e). A timely appeal from the denial of a 59(e) motion "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir.1982). We therefore reach the merits of the appeal from the order refusing to recuse and awarding attorneys' fees and costs against appellant under 28 U.S.C. Sec. 1291 (1982).
 
 II
 
 3
 Appellant was counsel for his wife Catherine Jones (plaintiff), who had instituted the underlying diversity and RICO action on July 24, 1987, against the numerous defendants, at least some of whom were citizens of Pennsylvania, based upon the purchase and use of an automobile. Because appellant was driving the car when two accidents occurred, defendants joined appellant as a third-party defendant seeking indemnification or contribution on the ground that his negligence caused the car damage. After discovery, the court determined that the two grounds for jurisdiction asserted by plaintiff were lacking and dismissed the action and, as we read the order, the third-party complaint as well.
 
 
 4
 On defendants' motion, the court determined that appellant had conducted the litigation in bad faith, and imposed sanctions against him in the form of attorneys' fees and costs under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927 (1982). It also determined that the dismissal of the complaint was a sufficient sanction against plaintiff for her own violations of Rule 11. Appellant's subsequent motion for recusal of the judge and for reconsideration was denied and this appeal followed.
 
 
 5
 A recital of the often unorthodox details of this litigation is important to an understanding of this appeal. Plaintiff's complaint, filed on her behalf by appellant, asserted seven causes of action, including one RICO count. The complaint based jurisdiction on diversity of citizenship, see 28 U.S.C. Sec. 1332 (1982), asserting that plaintiff was a citizen of New Hampshire and indicating that at least some of the defendants were citizens of Pennsylvania. It also invoked the jurisdiction provided by RICO. See 18 U.S.C. Secs. 1961-1968 (1988).
 
 
 6
 As we have noted, defendants filed a motion to dismiss the complaint along with a third-party complaint against appellant. Appellant, as third-party defendant, filed an answer to the third-party complaint in which he objected to the jurisdiction of the court on the ground that the addition of appellant, a Pennsylvania citizen, as a party to the action created incomplete diversity of citizenship. In a supporting brief, appellant asserted, strangely enough, that the entire action should be dismissed because of this jurisdictional deficiency. This position, of course, raised a possible conflict of interest between appellant and plaintiff which we are not called on to address.
 
 
 7
 Defendants then filed a motion for sanctions on April 28, 1988. The motion also requested dismissal for procedural noncompliance and summary judgment. The sole authority cited for the imposition of sanctions was Federal Rule of Civil Procedure 11, although the motion referred to conduct which is not sanctionable under this Rule. Thus, it alleged that plaintiff had failed to file a pre-trial statement, to submit a RICO case statement, to answer interrogatories, to produce documents requested and to conduct any discovery and that plaintiff had had no factual basis for the RICO count.
 
 
 8
 The district court ordered plaintiff to respond to the motion for sanctions and dismissal, without citing any source for its authority to impose the requested sanctions. Plaintiff's response agreed that the case should be dismissed, but stated that the reason should be because the joining of appellant as a third-party defendant destroyed diversity jurisdiction.
 
 
 9
 The court subsequently entered an order citing Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir.1980) (third-party complaint requires no independent jurisdictional basis) and reciting that plaintiff's agreement to a dismissal because of incomplete diversity due to the addition of appellant as a third-party defendant was "patently without merit." It directed defendants to mail copies of their dismissal and sanctions motion to plaintiff and to notify her that her legal interests were in jeopardy as a result of appellant's conduct. It also instructed plaintiff to inform the court whether she had any objection to granting defendants' motion to dismiss. Plaintiff stated by letter that she did object to dismissal.
 
 
 10
 In a response to plaintiff's letter, defendants reiterated their request for fees and dismissal. Although this document did not identify any authority in support of their requests, it recited that it sought dismissal and fees based upon plaintiff's "conduct of [the] litigation in general," including the failure to answer interrogatories, failure to file a RICO case statement or pre-trial statement and failure to produce requested documents.
 
 
 11
 Sometime after the motion for sanctions was served, plaintiff answered certain of defendants' interrogatories. In an answer[1] to one question, she stated that her present address was in Saltsburg, Pennsylvania, and that she "has owned said premises since April 29, 1977, lived there, seriatim, since then."
 
 
 12
 Thereupon, the district court determined that the two asserted grounds for its jurisdiction, diversity of citizenship and RICO's jurisdictional provisions, were in fact lacking and ordered the case dismissed for lack of subject matter jurisdiction. The court relied on plaintiff's answer to the interrogatory in which she stated that she had lived in Pennsylvania since before filing the action. In addition, the court referred to plaintiff's concession, at a point in the litigation which is unclear from the record, that "[e]arly in the case history, plaintiff decided not to pursue a RICO cause of action." The dismissal has, of course, not been appealed. The court also ordered defendants to submit records of the "reasonable fees incurred in the action for purposes of imposing appropriate sanctions" against appellant.
 
 
 13
 Thereafter, defendants filed requests for counsel fees and expenses which contained the amount of fees and expenses sought. After receiving submissions from all defendants, the district court on November 8, 1988, ordered third-party defendant (appellant) to respond to defendants' motions and petitions for counsel fees. This order recited that counsel fees were sought pursuant to Rule 11. It made no mention of 28 U.S.C. Sec. 1927.
 
 
 14
 Appellant's answer denied liability as either a third-party defendant or as counsel for plaintiff. He reasserted that plaintiff was a citizen of New Hampshire, having been in Pennsylvania for only a few days between June 1985 and September 1987. The answer alleged that the amount of fees and expenses sought was "absurd" and in any event "a sum far in excess of [appellant's] ability to pay." It further stated that liability should be limited to those fees necessary to prepare defendants' answers and to draft the relevant portions of "their non duplicitous interrogatories." In response to the charge of having violated Rule 11, appellant asserted that he "believed throughout a large portion of the instant litigation ... that the Complaint was warranted by existing law; that, alternatively, it was warranted by good faith arguments for extension, modification or reversal of existing laws; and that it was not interposed for delay or needless increase in cost of litigation."
 
 
 15
 On February 2, 1989, the court issued a memorandum opinion and order sanctioning plaintiff under Rule 11 for her conduct during the litigation. The court, however, determined that dismissal of her action was an adequate sanction and plaintiff has not appealed that decision. The subsequent discussion will deal only with appellant's contentions.
 
 
 16
 At the same time, the court's order sanctioned appellant. It cited his failure to prosecute any claim, failure to comply with orders and rules of the court, failure to conduct discovery and failure to conduct the inquiry required by Rule 11. The court imposed sanctions, in an amount to be determined, based upon Rule 11 and 28 U.S.C. Sec. 1927. Its memorandum opinion contained the first mention in the record of 28 U.S.C. Sec. 1927.
 
 
 17
 On February 23, 1989, the court entered judgment against appellant in the amount of $51,851.69, representing the total amount requested by defendants.
 
 
 18
 Shortly thereafter appellant filed a motion for recusal of the district judge and for reconsideration. The motion requested that the district judge recuse himself because plaintiff had filed a complaint against him with the Judicial Inquiry Board. The complaint is not part of this record so we do not know when it was filed. The motion again recited that the amount requested was exorbitant and sought an evidentiary hearing. Appellant also asserted that the court erred in imposing sanctions without an evidentiary hearing. Supported by an affidavit of plaintiff, the motion stated that plaintiff was in fact a citizen of New Hampshire, having resided there continuously, with the exception of several days, from June 1985 until September 1987 (the complaint was filed on July 24, 1987). The motion and affidavit further noted that plaintiff's four children attended New Hampshire schools and that plaintiff held a New Hampshire driver's license.
 
 
 19
 After defendants' response to this motion, appellant filed a "Reply to [the] 'Reply.' " This submission stated that appellant had previously been "mystified" by the entry of judgment for attorneys' fees against him. It was only after defendants' reply to his motion for reconsideration that he claims to have understood that the complaint was dismissed and attorneys' fees imposed because of the absence of diversity of citizenship. Appellant reiterated his claim that his wife was a citizen of New Hampshire when he filed the signed complaint, the crucial date for Rule 11 purposes, and indicated that the court would reach such a conclusion if it were to hold an evidentiary hearing. Included with this submission was a copy of plaintiff's 1987 New Hampshire Residency Tax bill which, appellant argued, demonstrated her citizenship when the complaint was filed. Appellant stated further that even if plaintiff was not a citizen of New Hampshire, he could have reasonably believed that she was, which satisfied the proper test under Rule 11.
 
 
 20
 On August 22, 1989, the court denied appellant's motion for recusal and reconsideration. Recusal was denied for the following reasons: the motion was untimely; there was no claim that a reasonable person under the circumstances would doubt the judge's impartiality; the accompanying affidavit of Catherine Jones was insufficient; and appellant did not file the certificate of counsel required by 28 U.S.C. Sec. 144 (1982). The court also rejected the challenge to the amount of defendants' fees and expenses, noting that the large sum granted was due to appellant's failure to inform the court of plaintiff's decision to abandon the RICO claim and his refusal to abide by court orders and to participate in discovery. The court also noted that the deposition transcripts showed that plaintiff had no facts to support her various claims and never conducted discovery to develop them.
 
 
 21
 The court stated that it need not address evidence of plaintiff's New Hampshire domicile that had been submitted after the order imposing sanctions. It noted that, unless such information was unavailable prior to the court's dismissal of the action, it was not necessary to consider it on a motion for reconsideration. Nevertheless, the court went on to analyze various facts surrounding plaintiff's citizenship and concluded that "the burden [of establishing a New Hampshire domicile] has not been met in this case." As noted, appellant appeals the district court's denial of his motion for recusal and reconsideration of the fee determination.
 
 III
 
 22
 Appellant sought recusal because his wife had filed a complaint and supporting affidavit against the district judge with a Judicial Inquiry Board. In her affidavit accompanying appellant's motion to recuse, plaintiff asserted that the judge permitted defendants to harass her as a woman and mother. She alleged that the judge was "the product of a failed Presidency in Jimmy Carter who is corrupt and chauvinistic and antagonistic toward Republicans such as [her] husband." Finally, she charged that the judge's chauvinism and insensitivity to women was demonstrated by the fact that he took her testimony regarding her residency out of context.
 
 
 23
 We review a district court's action on recusal, pursuant to either 28 U.S.C. Sec. 144 (1982) or 28 U.S.C. Sec. 455 (1982), under an abuse of discretion standard. Johnson v. Trueblood, 629 F.2d 287, 290 (3d Cir.1980), cert. denied, 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). Since appellant has not indicated which of the two recusal statutes he was relying on, we will address both statutes.
 
 
 24
 a) Section 144
 
 
 25
 The recusal motion was filed after the entry of the orders dismissing the complaint and imposing sanctions. Under these circumstances, the affidavit (motion) was not timely filed within the meaning of 28 U.S.C. Sec. 144.[2] Any other conclusion would permit a party to play fast and loose with the judicial process by "betting" on the outcome. See United States v. Rosenberg, 806 F.2d 1169, 1173, n. 3 (3d Cir.1986), cert. denied, 481 U.S. 1070, 107 S.Ct. 2465, 95 L.Ed.2d 873 (1987); Smith v. Danyo, 585 F.2d 83, 86 (3d Cir.1978). We are not confronted with an allegation that there was "good cause" for the delay.
 
 
 26
 Section 144 also requires that the affidavit be "sufficient" to show that the judge involved has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party, that dictates that the judge proceed no further. Conclusory allegations need not be accepted as true. United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir.1989). A court should grant recusal if the allegations give fair support to a charge of a bent of mind that might prevent or impede impartiality of judgment. United States v. Townsend, 478 F.2d 1072, 1073-74 (3d Cir.1973).
 
 
 27
 It need hardly be said that the allegations here are conclusory. To the extent that they indicate bias against plaintiff, and not appellant, they are irrelevant. To the remote extent that they may be considered factual and relate to appellant, they constitute, in disguised form, no more than a disagreement with the legal conclusions reached by the district judge. Rosenberg, 806 F.2d 1169. They do not support a suggestion of partiality.
 
 
 28
 We conclude that insofar as the motion to recuse is based on Sec. 144, the district judge did not abuse his discretion in concluding that it was both untimely and insufficient.
 
 
 29
 b) Section 455
 
 
 30
 We turn next to a consideration of the merits of the motion to recuse on the basis of 28 U.S.C. Sec. 455(a) which reads in pertinent part:
 
 
 31
 Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 32
 Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality. United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983). There is nothing in this record to support remotely a conclusion that a reasonable person would doubt the district judge's impartiality. Disagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal.
 
 
 33
 We conclude that the district judge did not abuse his discretion in denying the motion to recuse based on Sec. 455.IV
 
 
 34
 We now address appellant's attacks on the sanctions imposed by the district court. We review for abuse of discretion. Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490, 496 (3d Cir.1989); Snow Machines, Inc. v. Hedco, Inc., 838 F.2d 718, 725 (3d Cir.1988). We note that we are not dealing with sanctions imposed by the court on its own initiative.
 
 
 35
 As a preliminary matter, we address appellant's contention that the term "vexatious" in 28 U.S.C. Sec. 1927[3] is unconstitutionally vague and therefore the section violates the due process clause of the fourteenth amendment. We have interpreted that section as requiring a showing of bad faith, see Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir.1987), which has a well understood meaning in the law. Thus, it cannot be described as impermissibly vague and therefore appellant's contention is without merit.
 
 
 36
 Because of its due process implications, we turn next to the issue of the sufficiency of the notice appellant received before he was sanctioned. Prior to sanctioning an attorney, a court must provide the party to be sanctioned with notice of and some opportunity to respond to the charges. See Eash v. Riggins Trucking Inc., 757 F.2d 557, 570-71 (3d Cir.1985) (considering court's inherent power to impose sanctions, stating need for "prior notice and some occasion to respond"); Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 227-28 (7th Cir.1984) (Sec. 1927 case stating the "court should provide counsel with some opportunity to be heard"). Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc., 834 F.2d 833, 836 (9th Cir.1987) (Rule 11 case requiring opportunity "to explain the allegedly improper filings," that is, "notice and the opportunity to be heard").
 
 
 37
 An examination of the Memorandum Opinion of the district court granting defendants' motions for counsel fees reveals that the sanctions were imposed under both Rule 11 and 28 U.S.C. Sec. 1927. However, we cannot find where appellant was put on any explicit notice that Sec. 1927 would be relied upon in sanctioning him until he received the court's order of February 2, 1989, actually imposing sanctions. Defendants' motions for sanctions referred only to Rule 11 and appellant's responses primarily addressed that basis for sanctions.
 
 
 38
 We point out that the mere existence of Rule 11 or 28 U.S.C. Sec. 1927 does not constitute sufficient notice in our view. Rather, we think particularized notice is required to comport with due process. See Donaldson v. Clark, 819 F.2d 1551, 1560 (11th Cir.1987) (en banc) (dealing with Rule 11). In this manner a party is on notice as to the particular factors that he must address if he is to avoid sanctions. Therefore, the district court's reliance in part on Sec. 1927, at the point when it actually imposed sanctions, raises a serious question as to the legal sufficiency of the notice as a basis for any Sec. 1927 sanctions.
 
 
 39
 Although there was reference in various submissions prior to the court's decision to actions that could be sanctionable under Sec. 1927, we cannot say with reasonable assurance on this record that appellant was on notice that Sec. 1927 was being relied on by defendants as a basis for the imposition of sanctions prior to the court's determination. Cf. Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir.1987) (remanding Rule 11 sanction to give sanctioned party notice and chance to show why sanction should not issue). To that extent, at least, the sanction order cannot stand. However, appellant clearly was on notice that sanctions in the form of attorneys' fees and costs were being sought under Fed.R.Civ.P. 11.
 
 
 40
 In the foregoing circumstances, we would usually review the sanction order to the extent it was based on Rule 11 and remand only the portion applicable to Sec. 1927 violations. But that approach is not feasible here. The district court's opinion concluded that appellant,
 
 
 41
 has conducted this litigation in willful bad faith since the filing of the complaint. He has failed to prosecute any claim asserted on behalf of plaintiff, failed to comply with the orders and rules of this court, failed to engage in discovery and conduct the inquiry required by Rule 11 of the Federal Rules of Civil Procedure. Under such circumstances, we believe that Rule 11 and 28 U.S.C. Sec. 1927 provide the authority relevant to the conduct of Attorney Jones.
 
 It also stated that:
 
 42
 The record is replete with examples where David Jones neglected his duties as an officer of the court and the representation of his client. Sanctions will therefore be imposed pursuant to 28 U.S.C. Sec. 1927.
 
 
 43
 As the quoted language demonstrates, the court did not identify and relate the violations to each source of authority in a way that would permit meaningful appellate review with respect even to Rule 11. This infirmity is a critical obstacle because Rule 11 and Sec. 1927, while probably duplicitous to some extent, cover different actions in a lawsuit and require the application of disparate standards of proof.
 
 Rule 11 provides:
 
 44
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 45
 The Rule applies only to pleadings, motions or other papers signed by an attorney or a party. See Gaiardo, 835 F.2d at 484. The objective standard incorporated in the Rule does not require a finding of bad faith. If a violation is found, sanctions are mandatory. Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir.1986). On the other hand, Sec. 1927 only covers the excess costs generated by an attorney that resulted from a multiplication of the proceedings, "unreasonably and vexatiously." It requires a finding of counsel's bad faith. Gaiardo, 835 F.2d at 484. Even in the face of such a finding, a district court retains discretion as to the imposition of attorneys' fees as a sanction. Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir.1986).
 
 
 46
 Because the district court did not differentiate between Rule 11 and the statute in imposing sanctions, we are not in a position even to know whether the district court applied the correct standard insofar as Rule 11 is concerned. In consequence, the entire order imposing sanctions on appellant must be vacated. If Sec. 1927 is to be relied on in the remanded proceedings, adequate notice of the sanction requested must be given to appellant as well as an opportunity to respond.
 
 V
 
 47
 Since the order imposing sanctions on appellant must be vacated and the matter remanded, we conclude that certain issues will probably arise on the remand and should, in the interest of justice, be addressed.
 
 
 48
 Appellant contends that, notice aside, he was denied a proper hearing in connection with the disposition of the fee applications. Our precedent, Eash v. Riggins Trucking Inc., 757 F.2d 557, 570-71 (3d Cir.1985) (in banc), commands that a party sought to be sanctioned be given "some occasion to respond." See also Roadway Express, Inc. v. Piper, 447 U.S. 752, 760-61, 100 S.Ct. 2455, 2461, 65 L.Ed.2d 488 (1980).
 
 
 49
 Here we must decide what "the occasion to respond" should encompass. Given the permutations inherent in fee applications and response thereto, any rigid rule would, to say the least, be undesirable. The circumstances must dictate what is required. In some cases an oral response may be sufficient, while in others an opportunity to file a written response must be accorded. However, it does not follow, in either case, that further proceedings are automatically unnecessary. See Donaldson v. Clark, 819 F.2d 1551, 1560-61 (11th Cir.1987) (en banc). Rather, we think a district court in the exercise of its sound discretion must identify and determine the legal basis for each sanction charge sought to be imposed, and whether its resolution requires further proceedings, including the need for an evidentiary hearing. See Sanko S.S. Co., v. Galin, 835 F.2d 51, 53-54 (2nd Cir.1987); Oliveri v. Thompson, 803 F.2d 1265, 1280 (2nd Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); G. Joseph, Sanctions: The Federal Law of Litigation Abuse Sec. 17(D)(2) (1989).
 
 
 50
 We believe the rule that we have announced has several factors to commend it. It gives the judge flexibility in deciding on the sound course to pursue. Thus, it permits some cases to be disposed of on the record and, to that extent, prevents unnecessary expenditure of judicial time. In other situations it mandates an evidentiary hearing to resolve disputes of material fact when the cold record may not disclose the full story, as here. Finally, it will afford the attorney the opportunity to show, as here, whether he has the ability to pay or has other relevant defenses that the court should consider.
 
 
 51
 On remand, if the district court reimposes sanctions, it will be governed by the principles announced by this court in Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988) and in Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir.1987). Among these principles is that at least where, as here, appellant has raised the issue, a court is not free to dispose of a fee application without affording the party to be sanctioned an opportunity to make an appropriate showing as to his ability to pay.
 
 
 52
 Certain other matters relevant to the remand must be reiterated.[4]
 
 
 53
 First, sanctions under Rule 11 must be treated and determined separately from those that may be imposed under Sec. 1927. The resulting findings must appear with reasonable specificity in terms of the perceived misconduct and the sanctioning authority. See In re Yagman, 796 F.2d 1165, 1184 (9th Cir.1986).
 
 
 54
 Second, Rule 11 sanctions must be based on appellant's objective knowledge or belief at the time of the filing of a challenged paper. Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir.1985). This factor is particularly important here because the issue with respect to plaintiff's citizenship at the date the complaint was filed must relate to appellant's objective knowledge at that time. It is not whether, in fact, plaintiff was then a citizen of Pennsylvania for diversity purposes.
 
 VI
 
 55
 To the extent the order of the district court dated August 22, 1989, denied appellant's recusal motion, it will be affirmed. To the extent the order of the district court dated August 22, 1989, imposed sanctions on appellant, it will be vacated and that matter remanded to the district court for further appropriate proceedings in accordance with this opinion.
 
 
 
 [1]
 The answer recited that it was filed "pro se." It was not under oath as required by Fed.R.Civ.P. 33(a). At some unidentified point in these proceedings, appellant ceased in fact to represent plaintiff but did not file a motion to withdraw as counsel
 
 
 [2]
 Sec. 144. Bias or prejudice of judge
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
 
 
 [3]
 Sec. 1927. Counsel's liability for excessive costs
 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 [4]
 Appellant also seems to be attacking both Rule 11 and 28 U.S.C. Sec. 1927 on the grounds that these sections, by authorizing sanctions against him personally rather than against his law firm, violate due process principles. While we ordinarily would not address this contention in view of our order vacating sanctions, we do not think it inappropriate to do so here. The short answer is that the statute and rule impose liability on counsel directly and we are at a loss to understand how such a grant of authority violates due process