**In re: DAIMLERCHRYSLER AG SECURITIES LITIGATION.**

**Tracinda Corporation, a Nevada Corporation, Plaintiff,**

v.

**DaimlerChrysler AG, a Federal Republic of Germany corporation; Daimler–Benz AG, a Federal Republic of Germany corporation; Jurgen Schrempp, a citizen of the Federal Republic of Germany; Manfred Gentz, a citizen of the Federal Republic of Germany; Hilmar Kopper, a citizen of the Federal Republic of Germany, Defendants.**

**Glickenhaus & Co., et al., Plaintiffs,**

v.

**DaimlerChrysler AG, et al., Defendants;**

**Nos. CIV.A.00–993–JJF, CIV.A.00–984–JJF, CIV.A.01–004–JJF.**

United States District Court, D. Delaware.

May 8, 2002.

Pamela S. Tikellis, Chimicles & Tikellis, LLP, Wilmington, DE, for Stanley P. Kops, P.C., 401(k) Profit Sharing Plan, Zucker Associates, Inc., Barbara S. Simon, Norman Salsitz, Phil Horvath, Eitz Chaim Foundation, Ian Pravda.

Jay W. Eisenhofer, Abott A. Leban, Richard M. Donaldson, Grant & Eisenhofer, P.A., Wilmington, DE, Entwistle & Cappucci LLP, New York, NY (Vincent R. Cappucci, Robert N. Cappucci, Johnston de F. Whitman, Jr., and Catherine Torell, of counsel), Jeffrey A. Klafter and Daniel

D. Barnes, Bernstein Litowitz Berger & Grossmann LLP, New York, NY, Jeffrey W. Golan, Barrack Rodos & Bacine, Philadelphia, PA, for Denver Employees Retiremrnt Plan, Policemen's Annuity and Ben. Fund of Chicago, Municipal Employees Annuity and Ben. Fund of Chicago, Florida State Bd. of Admin., plaintiffs.

Pamela S. Tikellis, Robert J. Kriner, Jr., Chimicles & Tikellis, LLP, Wilmington, DE, for Ellen Sporn, plaintiff.

Irving Morris, Morris & Morris, Wilmington, DE, for Lillian Boys, plaintiff.

Pamela S. Tikellis, Chimicles & Tikellis, LLP, Wilmington, DE, Timothy Ryan Dudderar, Duane Morris, LLP, Wilmington, DE, for James F. Uehlein, plaintiff.

A. Glichrist Sparks, III, Alan J. Stone, Jessica Zeldin, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, Los Angeles, CA (Terry Christensen, Mark G. Krum, Steven J. Aaronoff, and Mark I. Labaton, of counsel), William G. McGuinness, and Julie E. Kamps, Fried, Frank, Harris, Shriver & Jacobson, New York, NY, for Tracinda Corporation, plaintiff.

Robert Scott Saunders, Thomas J. Allingham II, Robert S. Saunders, Kara Yancey, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (Jonathan J. Lerner, J. Michael Schell, Joseph N. Sacca, Jacob E. Hollinger, of counsel), for DaimlerChryler AG, Daimler–Benz AG, Jürgen Schrempp and Manfred Gentz, defendants.

Michael D. Goldman, Peter J. Walsh, Jr., Richard L. Renck, Potter Anderson & Corroon LLP, Wilmington, DE, Milbank, Tweed, Hadley & McCloy LLP, New York, NY (Jeffrey Barist, Douglas W. Henkin, of counsel), for Hilmar Kopper, defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is a Motion For Reconsideration Of March 22, 2002 Orders Dismissing The Consolidated Class Action Complaint, Or In The Alternative, For Leave To File An Amended Complaint (D.I.120) filed by Lead Plaintiffs, Florida State Board of Administration, Policemen's Annuity and Benefit Fund of Chicago, Municipal Employees Annuity and Benefit Fund of Chicago and Denver Employees Retirement Plan, on behalf of the Class (collectively, "Class Plaintiffs"). By their Motion, Class Plaintiffs request reconsideration of the Court's March 22 Order dismissing the merger of equals claims in the Amended Class Complaint, or in the alternative, leave to file a Proposed Second Amended Complaint.[1] Defendants DaimlerChrysler AG, Daimler–Benz AG, Jürgen Schrempp, Manfred Gentz (collectively, "Defendants") have filed an opposition to Class Plaintiffs' Motion.[2] For the reasons discussed, the Court will deny Plaintiffs' Motion For Reconsideration, but grant Class Plaintiffs leave to file their Proposed Second Amended Complaint.

## I. DISCUSSION

### A. *Motion For Reconsideration*

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1.5, Class

---

**1.** The Court also dismissed Class Plaintiffs' channel stuffing claims for failure to state a claim and for deficient pleading. However, the Court understands that Plaintiffs do not seek reconsideration of that portion of the Court's Order. (D.I. 121 at 21).

**2.** Defendant Hilmar Kopper also opposes Plaintiffs' Motion and has adopted the arguments made by Defendants in their Answering Brief. Accordingly, the Court's decision applies with equal force to the claims asserted by Class Plaintiffs against Defendant Kopper.

Plaintiffs request reconsideration of the Court's March 22 Order dismissing their merger of equals claims for two reasons. First, Class Plaintiffs contend that the allegations which the Court concluded were not properly pled are merely background allegations which are not subject to the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"). To this effect, Class Plaintiffs contend that their Amended Class Complaint contains the same core allegations as the Tracinda and Glickenhaus Complaints, which the Court concluded were properly pled and sufficient to withstand dismissal. Second, Class Plaintiffs contend that the pleading standard that the Court adopted for allegations pled on information and belief exceeds the pleading requirements of the PSLRA.

■ A motion for reconsideration under Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See e.g. New Castle County v. Hartford Accident and Indemnity Co.,* 933 F.2d 1162, 1176–1177 (3d Cir.1991); *Jones v. Pittsburgh National Corp.,* 899 F.2d 1350, 1352 (3d Cir.1990). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). As such, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood,* 176 F.3d at 677.

■ After reviewing the parties' arguments in light of the standard governing motions for reconsideration, the Court concludes that Class Plaintiffs are not entitled to reconsideration of the Court's March 22 Order. In arguing that the allegations of the Amended Class Complaint were sufficiently pled, Class Plaintiffs point out that the Amended Class Complaint contained the same core allegations as the Tracinda and Glickenhaus Complaints, which the Court concluded were properly pled and stated an actionable claim. However, Class Plaintiffs' argument overlooks the fact that, unlike the allegations in the Tracinda and Glickenhaus Complaints, the allegations of the Amended Class Complaint were pled on information and belief. Under the PSLRA, allegations regarding the statement or omission which are pled on information and belief must state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u–4(b)(1). Courts have interpreted this enhanced pleading standard to require plaintiffs to identify the sources supporting their allegations and link those sources to their allegations. *See e.g. In re Silicon Graphics, Inc. Sec. Litig.,* 183 F.3d 970, 985 (9th Cir.1999); *Carney v. Cambridge Tech. Partners, Inc.,* 135 F.Supp.2d 235, 247 n. 5 (D.Mass.2001); *Branca v. Paymentech, Inc.,* 2000 WL 145083 at *7 (N.D.Tex. Feb.8, 2000); *Havenick v. Network Express, Inc.,* 981 F.Supp. 480, 526 (E.D.Mich.1997). It is this requirement which the Court concluded that Class Plaintiffs failed to satisfy. Because Class Plaintiffs were subject to this additional pleading requirement, the Court cannot conclude that it was erroneous to dismiss the Amended Class Complaint while permitting the Tracinda and Glickenhaus Complaints to stand.

As for Class Plaintiffs' argument that the Court's pleading standard for their information and belief allegations exceeded the requirements of the PSLRA, the Court likewise rejects Class Plaintiffs' argument. In their briefing on Defendants' Motion To Dismiss, the parties addressed the question of what standard should be applied to Class Plaintiffs' allegations pled upon information and belief. In its Opinion, the Court recognized that there were divergent views on the PSLRA standard. *In re Daimler Chrysler Sec. Litig.*, Consol. Civ. Act. No. 00–993–JJF, op. at 73 (D.Del. Mar. 22, 2002) (*"Chrysler I"*). The Court also recognized that the complaint must, at a minimum, "identify its sources with sufficient particularity to support the conclusion that 'a person in the position occupied by the source would possess the information alleged.'" *Id.* at 74 (citations omitted). Applying this standard, the Court found that some allegations of the Amended Class Complaint were adequately pled, while others were not. *Id.* at 75. The Court also concluded that Class Plaintiffs' single paragraph listing of their sources without linking those sources to their corresponding allegations was insufficient to satisfy the heightened PSLRA standard. *Id.* at 76. The Court's conclusion in this regard is not unsupported. Indeed, several other courts considering this question have also required more than a boiler plate paragraph listing sources. *See e.g. In re Silicon Graphics, Inc., Sec. Litig.*, 183 F.3d at 985; *Cambridge Tech. Partners, Inc.*, 135 F.Supp.2d at 247 n. 5. In these circumstances, the Court cannot conclude that its decision to dismiss the Amended Class Complaint was a clear error of law causing manifest injustice. Accordingly, the Court will not permit Class Plaintiffs to relitigate this issue through its Motion For Reconsideration.

Class Plaintiffs also suggest that the Court misapplied the heightened pleading standard by applying it to background allegations. The Court disagrees with Class Plaintiffs' position. Many of the allegations which Class Plaintiffs now contend are inoperative background allegations are allegations which the Court found relevant in its decision rejecting Defendants' Rule 12(b)(6) arguments for dismissal. *Chrysler I*, Consol. Civ. Act. No. 00–993–JJF, at 28, 32, 49, 54, 68. As such, the Court cannot now conclude that those allegations are merely extraneous background information. Because Class Plaintiffs have not demonstrated that the Court committed a clear error of law in dismissing the Amended Class Complaint, the Court will deny Class Plaintiffs' Motion For Reargument.

### B. *Motion For Leave To Amend*

In the alternative, Class Plaintiffs request leave to file a Proposed Second Amended Complaint to cure the pleading deficiencies identified by the Court in its March 22 Opinion. Defendants oppose Class Plaintiffs' Motion contending that (1) the Proposed Second Amended Complaint is the product of undue delay; (2) granting leave to amend would contravene the goals of the PSLRA; and (3) the amendment is futile, because the Proposed Second Amended Complaint fails to cure the deficiencies of the First Amended Complaint.

The question of whether to grant leave to amend a complaint is within the discretion of the district court. *Bailey v. United Airlines*, 279 F.3d 194, 203 (3d Cir.2002) (reviewing denial of leave to amend for abuse of discretion). However, leave to amend should be freely given, unless the amendment would be futile or there is evidence of undue delay, bad faith, or undue prejudice. Fed.R.Civ.P. 15(a); *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir.2000).

In the circumstances of this case, the Court concludes that Class Plaintiffs should be granted leave to file their Proposed Second Amended Complaint. Defendants contend that Class Plaintiffs had the information they added to their Second Amended Complaint at the time they filed the First Amended Complaint, and therefore, Class Plaintiffs acted in a dilatory manner. The Court disagrees with Defendants' position. Given the divergent views regarding the PSLRA's requirements and the fact that Class Plaintiffs moved for leave to amend promptly after receiving the Court's March 22 Opinion, the Court cannot conclude that Class Plaintiffs should be prohibited from filing a Second Amended Complaint on the basis of undue delay.

As for Defendants argument that leave to amend would contravene the goals of the Reform Act, the Court likewise disagrees with Defendants' argument. Courts have not retreated from the general practice of freely allowing leave to amend simply because the case involves the PSLRA. *See e.g. Austost Anstalt Schaan v. Net Value Holdings, Inc.*, 2001 WL 908996, at *1, 4–5 (D.Del. Aug.10, 2001) (granting leave to amend post-PSLRA to correct pleading deficiencies); *In re Aetna Inc. Sec. Litig.*, 34 F.Supp.2d 935, 942–943 (E.D.Pa.1999) (same). Indeed, many of the courts that have denied leave to amend in the context of the PSLRA have done so because the proposed amendment would be futile or the plaintiffs had already had numerous attempts to amend their complaints. *See e.g. Oran v. Stafford*, 226 F.3d 275, 290–291 (3d Cir.2000) (denying leave to amend as futile where plaintiffs had already amended once and proposed "new" facts

failed to change the court's previous decision dismissing the complaint); *In re Cybershop.com Sec. Litig.*, 189 F.Supp.2d 214, 236–237 (D.N.J.2002) (denying leave to amend where amendment would not cure the deficiencies of the complaint). Neither situation is present in this case. Class Plaintiffs have not been given repeated attempts to amend their complaint to satisfy the requirements of the PSLRA, and Class Plaintiffs' proposed amendments are not futile. Class Plaintiffs' amendments directly address the Court's concerns regarding the identity of their sources and the linking of those sources to the allegations of the Second Amended Complaint. Defendants suggest that Class Plaintiffs have not remedied this deficiency and direct the Court to several allegations which they contend are inadequate. After reviewing the Second Amended Complaint as a whole, the Court disagrees with Defendants. Class Plaintiffs have identified their sources and linked them to the allegations of the Second Amended Complaint. Those allegations which Defendants identify are either introductory allegations which are later expanded upon by allegations that are specifically supported by identified sources or summary-type allegations which are based on preceding allegations that are also supported by identified sources.

Further, Defendants have not alleged that they would be unduly prejudiced by permitting the filing of the Proposed Second Amended Complaint. Defendants are already defending virtually identical claims made by the Tracinda and Glickenhaus Plaintiffs. Accordingly, in these circumstances, the Court concludes that Class Plaintiffs should be given leave to file their Proposed Second Amended Complaint.[3]

---

3. To the extent that the filing of the Proposed Second Amended Complaint reinstates Class Plaintiffs' claims against Defendant Kopper, the Court will treat those claims as it treated the Tracinda and Glickenhaus claims against Defendant Kopper. *In re Daimlerchrysler Sec.*

## II. CONCLUSION

For the reasons discussed, the Court will deny Class Plaintiffs' Motion For Reconsideration Of March 22, 2002 Orders Dismissing The Consolidated Class Action Complaint (D.I.120) and grant Class Plaintiffs' Motion For Leave To File An Amended Complaint (D.I.120).

An appropriate Order will be entered.

## ORDER

At Wilmington, this 8th day of May 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Class Plaintiffs' Motion For Reconsideration Of March 22, 2002 Orders Dismissing The Consolidated Class Action Complaint (D.I.120) is DENIED.

2. Class Plaintiffs' Motion For Leave To File An Amended Complaint (D.I.120) is GRANTED and leave is hereby given to file the Second Amended Complaint attached as Exhibit A to Class Plaintiffs' Motion For Reconsideration Of March 22, 2002 Orders Dismissing The Consolidated Class Action Complaint Or, In The Alternative, For Leave To File An Amended Complaint (D.I.120).

Litig., 197 F.Supp.2d 86 (D.Del.2002) ("*Chrysler II*") (addressing separately Defendant Kopper's Motion To Dismiss). Defendant Kopper's motion to dismiss may be renewed as it applies to Class Plaintiffs' claims, and Class Plaintiffs may participate in the limited jurisdictional discovery that was authorized in *Chrysler II*.