CIENA CORPORATION, a Delaware Corporation, and Ciena Properties, Inc., a Delaware Corporation, Plaintiffs,

v.

CORVIS CORPORATION, a Delaware Corporation, Defendant.

No. Civ.A. 00–662–JJF.

United States District Court, D. Delaware.

Jan. 7, 2005.

William J. Marsden, Jr., and Thomas L. Halkowski, of Fish & Richardson P.C., Wilmington, Delaware, Fish & Richardson P.C., Washington, DC (Ruffin B. Cordell, Michael J. McKeon, Lauren A. Degnan, of counsel), for Plaintiffs.

Neal C. Belgam, and Dale R. Dubé, of Blank Rome LLP, Wilmington, Delaware, Pillsbury Winthrop LLP, McLean, Virginia (George M. Sirilla, Robert A. Gutkin, and Blair M. Jacobs, of counsel), for Defendant.

### MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion For Reconsideration Or Reargument Of The Court's Injunction Order Of September 9, 2004 (D.I.602) filed by CIENA Corporation and Ciena Properties, Inc. (collectively "CIENA"). By its Motion, CIENA contends that the Court erred in denying CIENA's request for an injunction against infringement by Corvis Corporation ("Corvis") of U.S. Patent No. 5,504,609 (the " '609 patent"). For the reasons discussed, the Court will grant CIENA's Motion For Reconsideration and amend the Injunction Order to include Corvis' infringement of the '609 patent.

### DISCUSSION

### I. Legal Standard For A Motion For Reconsideration

A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *In re DaimlerChrysler AG Securities Litigation,* 200 F.Supp.2d 439, 441 (D.Del. 2002) (citations omitted). The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del. 1990). Thus, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood,* 176 F.3d at 677. With this standard in mind, the Court will address CIENA's Motion For Reconsideration.

### II. Whether CIENA Is Entitled To Reconsideration Of The Court's September 9, 2004 Injunction Order

### A. *The Parties' Contentions*

By its Motion, CIENA requests reconsideration of the Court's decision denying

CIENA's request for a permanent injunction with regard to the '609 patent. CIENA contends that the Court erred in finding that CIENA had not challenged the substantive validity of Corvis' license defense. CIENA maintains that it has disputed the validity of Corvis' license defense at various times throughout this litigation, and CIENA contends that, substantively, Corvis license defense has no merit. Specifically, CIENA contends that "Corvis' resurrected license defense is, at bottom, no different than the license defense previously rejected by the Court because of the existence of disputed issues of fact" at the summary judgment stage of these proceedings. (D.I. 605 at 1).

In response, Corvis contends that CIENA did not challenge the substantive validity of Corvis' license defense in its motion for permanent injunctive relief. Instead, CIENA argued that Corvis waived any right to rely on the license defense by failing to raise that defense during the infringement and invalidity phases of the trials in this case. Thus, with respect to the instant motion for reconsideration, Corvis contends that CIENA has waived any right to raise "new" arguments challenging the substantive validity of Corvis' license.

Corvis also contends that the Court correctly concluded that Corvis did not waive its license defense as that defense applies to prospective injunctive relief. Corvis maintains that it properly disclosed the 2002 Corvis–GIEC Agreement, and that CIENA was on notice of Corvis' potential purchase of GIEC and acquisition of full ownership to specific intellectual property rights. Corvis also contends that the rights it acquired from GIEC in June 2002 pertain to future alleged acts of infringement, and therefore, Corvis properly presented this defense during the equitable relief stage of the proceedings. Corvis contends that its presentation of this defense is also consistent with the Court's decision at the pre-trial conference bifurcating damages from infringement and willfulness and reserving for the Court other legal issues on which the Court would have to hear facts. (D.I. 390 at 14). In addition, Corvis contends that it was precluded by the Court's order on CIENA's motion in limine from mentioning the future injunctive relief being sought by CIENA. Because Corvis' license defense pertains to this future form of relief, Corvis contends it was appropriate for Corvis to raise the license defense at the equitable stage of these proceedings rather than at the infringement and invalidity stages.

B. *Decision*

██ Reviewing the parties' arguments in the context of the applicable legal standard and the circumstances in this case, the Court concludes that reconsideration of its previously entered Memorandum Opinion and Order concerning CIENA's motion for permanent injunctive relief is warranted. Specifically, the Court concludes that it erred in concluding that Corvis did not waive its license defense by failing to present that defense to the jury during the infringement and validity trials in this action. Based on the Pre–Trial Order and Proposed Jury Instructions in this case, it is apparent that Corvis fully intended to present this issue during the validity trial, but chose not to do so because of "time constraints." Corvis made this decision, despite the Court's findings on summary judgment that factual issues existed which would require resolution by the fact-finder.

Corvis contends that the Court's ruling on CIENA's motion in limine precluded Corvis from raising its license defense. Upon further review of that Order in the context of the circumstances in this case,

the Court is not persuaded that the Court's order had any impact on Corvis' ability to raise the license defense. The Court's Order only required Corvis not to refer to the injunctive remedy in the presence of the jury. This Order was issued on September 23, 2002, but as late a January 2003, Corvis included licensing instructions in its proposed jury instructions. Corvis' actions in this regard belie its contention that it believed it was precluded by the Court's Order from addressing the license defense during the trial.

Corvis also maintains that its license defense is only relevant to future acts of infringement, and therefore, its defense did not present a justiciable case or controversy during the time of the infringement and validity trials. The Court is not persuaded by Corvis' argument. Corvis contends that it was on "June 10, 2002, [that] Corvis purchased all of the stock of GIEC, and thus as of that date has stood in GI's shoes under the '93 License Agreement." (D.I. 568 at 8 (Corvis' Opp'n to CIENA's Mot. for Injunction)). Thus, Corvis maintains that it assumed a right to practice the '609 patent on June 10, 2002, eight months before trial in this case. Therefore, Corvis' license defense was available not only for injunctive relief, but also insofar as eight months of infringement was concerned, because the jury was charged with considering infringement up through the date of the trial. Because Corvis chose not to pursue this defense, a defense it had to at least some period of its infringement, as well as to prospective injunctive relief, the Court concludes that Corvis waived its right to pursue the license defense. Accordingly, the Court will grant CIENA's Motion For Reconsideration and amend the Injunction Order to include Corvis' infringement of the '609 patent.

**CONCLUSION**

For the reasons discussed, CIENA's Motion For Reconsideration will be granted and the Injunction Order will be amended to include Corvis' infringement of the '609 patent.

An appropriate Order will be entered.

**ORDER**

At Wilmington, this 7th day of January 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Motion For Reconsideration Or Reargument Of The Court's Injunction Order Of September 9, 2004 (D.I.602) filed by CIENA Corporation and Ciena Properties, Inc. (collectively "CIENA") is GRANTED.

2. An Amended Injunction Order will issue to include Corvis Corporation's infringement of the '609 patent.

**AMENDED INJUNCTION ORDER**

At Wilmington, this 7th day of January 2005, for the reasons discussed in the Memorandum Opinions issued on September 9, 2004 and January 7, 2005,

IT IS HEREBY ORDERED that:

1. The Motion For The Immediate Entry Of An Injunction filed by Plaintiffs CIENA Corporation and CIENA Properties, Inc. (D.I.561) is GRANTED with respect to United States Patent No. 5,938,309 and United States Patent No. 5,504,609.

2. Pursuant to 35 U.S.C. § 283, Corvis Corporation, and its officers, agents, servants, employees, attorneys, successors, assigns, subsidiaries, and those persons in active concert or participation with them who receive notice of this judgment by personal service or otherwise are hereby enjoined during the term of United States

**530**

Patent No. 5,938,309 (the " '309 patent") from:

(a) making, using, offering to sell, or selling within the United States or importing into the United States (as defined in 35 U.S.C. 271(a)) any system that infringes the adjudicated claims of the '309 patent;

(b) actively inducing the infringement of the adjudicated claims of the '309 patent (as defined in 35 U.S.C. § 271(b)); and

(c) offering to sell or selling within the United States or importing into the United States any component especially made or especially adapted for use in an infringement of the adjudicated claims of the '309 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use (as defined in 35 U.S.C. § 271(c)), such components including, but not limited to, the Corvis OC–192 Transceiver Module, the Corvis Optical Network Gateway, the Corvis Transmitter Module, and the Corvis Receiver Module.

3. Pursuant to 35 U.S.C. § 283, Corvis Corporation, and its officers, agents, servants, employees, attorneys, successors, assigns, subsidiaries, and those persons in active concert or participation with them who receive notice of this judgment by personal service or otherwise are hereby enjoined during the term of United States Patent No. 5,504,609 (the " '609 patent") from:

(a) making, using, offering to sell, or selling within the United States or importing into the United States (as defined in 35 U.S.C. § 271(a)) any system that infringes the adjudicated claims of the '609 patent;

(b) actively inducing the infringement of the adjudicated claims of the '609 patent (as defined in 35 U.S.C. § 271(b)); and

(c) offering to sell or selling within the United States or importing into the United States any component especially made or especially adapted for use in an infringement of the adjudicated claims of the '609

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use (as defined in 35 U.S.C. § 271(c)), such components including, but not limited to, the Corvis Optical Network Gateway, the Corvis Transmitter Module, and the Corvis Receiver Module.