IN THE SUPERIOR COURT THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

NORMA T. CHRISTOPHER and )
HENRY C. CHRISTOPHER )
  )
  ) CASE NO. ST-19-CV-177
Plaintiffs, )
  )
  ) ACTION FOR NEGLIGENCE
  ) DAMAGES; PERSONAL INJURY
  )
v. )
  )
  )
ERIK D. WHITTINGTON and )
NATHANIEL FIFER )
  )
  )
Defendants. )
_____ )

## MEMORANDUM OPINION AND ORDER

### 2022 VI Super 24U

¶1   **THIS MATTER** is before the Court on:

1. Defendant Nathaniel Fifer's Motion (With Incorporated Memorandum of Law) in Support of Rule 11 Sanctions Against Plaintiffs, filed August 27, 2019;

2. Plaintiffs' Opposition to Defendant Fifer's Motion for Rule 11 Sanctions and Memorandum of Law in Support of Plaintiff's Opposition, filed October 18, 2019; and

3. Defendant Nathaniel Fifer's Reply to Plaintiffs' Opposition to the Motion for Rule 11 Sanctions, filed October 25, 2019.

For the reasons set forth herein, Defendant Nathaniel Fifer's ("Fifer") Motion will be granted.

## I.   BACKGROUND

¶2   Fifer, through his counsel David J. Cattie, Esq., moves the Court to impose sanctions against Plaintiffs' counsel, Pedro K. Williams Esq., pursuant to Rule 11 of the Virgin Islands Rules of Civil Procedure.[1] Fifer alleges that Plaintiffs' counsel filed a claim against Fifer for "negligent entrustment" without providing any factual or legal support for the claim.[2] Additionally, Fifer alleges that Plaintiffs' counsel refused to dismiss the claims against Fifer despite being provided with irrefutable evidence that Fifer did not own or possess the subject vehicle on the date of the incident.[3] Fifer alleges that at the time Plaintiffs filed their complaint, they did not have any factual

---

[1] Def. Fifer's Mot. Rule 11 Sanctions 1.
[2] Def. Fifer's Mot. Rule 11 Sanctions 1.
[3] Def. Fifer's Mot. Rule 11 Sanctions 1.

**2022 VI Super 24U**

evidence that Fifer ever entrusted the vehicle to Defendant Christopher Whittington ("Whittington"), or that he even knew Whittington.[4] Because Rule 11 requires a factual basis for an allegation at the time a complaint is filed, and Plaintiffs' counsel filed the complaint with no basis in fact, Fifer asserts that Rule 11 sanctions are necessary.[5] Fifer states that this Motion and Memorandum were served on Plaintiffs' counsel more than 21 days prior to filing the same with the Court in compliance with Rule 11's "safe harbor" requirement.[6]

¶3    In opposition to Fifer's Motion, Plaintiffs contend that the allegations in their Complaint were based on a good faith belief and legal arguments that Fifer still legally owned the vehicle cited in the complaint because he had not fully complied with the title transfer laws under 20 V.I.C. § 215.[7] Plaintiffs allege that the title transfer documents provided by Fifer's counsel are legally deficient and do not state that the sale and transfer of the vehicle was effectuated before the date of the accident.[8] Plaintiffs further assert that the documents do not show if Fifer actually delivered possession of the vehicle to the supposed transferee, nor do they show that Fifer fully complied with the transfer requirements of 20 V.I.C. § 218.[9] Plaintiffs also take issue with the circumstances of the sale because they received no contract of sale or supporting documents stating that Fifer sold the vehicle to Katarina Combs on July 16, 2018. Finally, Plaintiffs question Fifer's relationships with Whittington and Katarina Combs.

¶4    Fifer replied to Plaintiff's Opposition asserting that Plaintiffs have still offered no evidence that Fifer ever entrusted the vehicle to Whittington, the alleged negligent driver.[10] Instead, Fifer asserts, Plaintiffs merely speculate about the circumstances of the sale of the vehicle and relationship between Fifer and the other parties involved. According to Fifer, Plaintiffs offered no factual basis to support the contention that Fifer even knew or had ever met Whittington, let alone allowed Whittington to operate the vehicle.[11] Plaintiffs also offered no evidence that Fifer was aware of Whittington's "past driving habits" that he should have known would render Whittington unable to safely drive the vehicle.[12] Additionally, Fifer emphasizes that even if he did own the vehicle in question at the time of the incident, being an owner of a vehicle does not make one automatically liable for the negligence of the operator.[13] Without providing any facts to support their allegations, Fifer concludes that sanctions must be imposed on Plaintiffs' counsel according to Rule 11.

---

[4] Def. Fifer's Mot. Rule 11 Sanctions 2.

[5] Def. Fifer's Mot. Rule 11 Sanctions 2.

[6] Def. Fifer's Mot. Rule 11 Sanctions 1; *see also* V.I. R. CIV. P. 11(c).

[7] Pls.' Opp'n Rule 11 Sanctions 3.

[8] Pls.' Opp'n Rule 11 Sanctions 4.

[9] Pls.' Opp'n Rule 11 Sanctions 5.

[10] Def. Fifer's Reply Pls.' Opp'n 1.

[11] Def. Fifer's Reply Pls.' Opp'n 2.

[12] Def. Fifer's Reply Pls.' Opp'n 2.

[13] Def. Fifer's Reply Pls.' Opp'n 3 (citing *Nicholas v. Damian-Rojas*, 2015 WL 5121149, at *9 (V.I. Super. Ct. Jan. 27, 2015)).

**2022 VI Super 24U**

¶5     This matter came before the Court for a status conference on December 8, 2021. The parties provided the Court with a brief synopsis of the case. Plaintiffs' counsel noted that when filing their complaint, they relied on information about the ownership of the vehicle from the police report of the incident. The parties advised that they had not submitted a scheduling Order because they were waiting for the Court to rule on pending motions.  The matter came before the Court again on February 16, 2022, at which time the Court advised that Fifer's motion for sanctions would be granted.

## II.     LEGAL STANDARD

### A. Pleadings and Sanctions under Virgin Islands Rules of Civil Procedure 11.

¶6     Rule 11(b) of the Virgin Islands Rules of Civil Procedure governs representations made to the Court in pleadings, written motions, or other papers.[14] The rule states that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) **the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;** and

(4) the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party.[15]

¶7     Virgin Islands Rule of Civil Procedure 11(c) provides sanctions for a violation of Rule 11(b) as well as the procedures attorneys must follow in moving for sanctions.[16] The rule requires any order imposing sanctions to include a description of the sanctioned conduct as well as the basis

---

[14] V.I. R. CIV. P. (11)(b).

[15] V.I. R. CIV. P. (11)(b) (emphasis added).

[16] V.I. R. CIV. P. (11)(c) includes a twenty-one (21) day safe harbor provision that requires the moving party to serve the motion upon the opposing party 21 days before filing or presenting the motion to the Court.

**2022 VI Super 24U**

for the sanction.[17] The Court has discretion to impose an appropriate sanction if it determines that Rule 11(b) has been violated.[18]

¶8     In federal courts, Federal Rule of Civil Procedure 11 imposes identical requirements with respect to the effect of asserting factual allegations in a complaint as Virgin Islands Rule of Civil Procedure 11.[19] Cases applying the federal rule are therefore instructive to this Court. Federal courts may impose sanctions against any "attorney, law firm, or party" who signs a pleading that is not well grounded in fact, is not warranted by existing law, is not made in good faith, or is brought for an improper purpose.[20] The standard for testing the conduct of counsel or a party under Federal Rule of Civil Procedure Rule 11 is reasonableness under the circumstances,[21] meaning the conduct "must be judged by 'what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'"[22] To comply with these requirements, "counsel must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'"[23] A showing of bad faith conduct is not required under this rule.[24]

## III.   ANALYSIS

### A. The Court will grant Fifer's Motion and impose sanctions against Plaintiffs' counsel for failing to provide a factual basis for their claim of negligent entrustment.

¶9     Fifer requests the Court to impose sanctions on Plaintiffs' counsel in the form of reimbursement for costs and reasonable attorney's fees. At issue is whether Plaintiffs' counsel violated Rule 11(b) of the Virgin Islands Rules of Civil Procedure by failing to provide a factual basis with evidentiary support for their claims against Defendant Fifer. In reviewing the record, the Court finds that Plaintiffs' counsel did not provide a factual basis for their claim of negligent entrustment against Fifer, and Fifer has demonstrated the criteria for sanctions against Plaintiffs' counsel under Rule 11.

---

[17] V.I. R. Civ. P. (11)(c)(6).

[18] V.I. R. Civ. P. (11)(c)(1); *see also In re Rohn*, 67 V.I. 764, 771 (V.I. 2017) (noting that "the decision to impose sanctions 'is a decision particularly committed to the sound discretion of the [trial] court'") (citing *Crowe v. Smith*, 151 F.3d 217, 250 (5th Cir. 1998)).

[19] *See Raymond-Benjamin v. Assefa*, 72 V.I. 815, 825 n.6 (V.I. 2020); *see also* FED. R. CIV. P. 11(b) and V.I. R. CIV. P. (11)(b).

[20] *ENTTech Media Grp. LLC v. Okularity, Inc.*, No. 2:20-cv-06298-JWH-Ex, 2012 U.S. Dist. LEXIS 45118, at *17 (C.D. Cal. Mar. 10, 2021) (citing FED. R. CIV. P. 11(b) and *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002)).

[21] *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d. Cir. 1985)) (noting that the Rule does not apply a subjective good faith standard and does not permit a "'pure heart and empty head' defense").

[22] *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988).

[23] *Id.* (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986)).

[24] *V.I. Taxi Ass'n v. V.I. Port Auth.*, No. ST-97-CV-117, 2015 V.I. LEXIS 67, at *6 (V.I. Super. Ct. June 15, 2015).

Christopher & Christopher v. Whittington & Fifer
ST-2019-CV-00177
MEMORANDUM OPINION AND ORDER
March 8, 2022
PAGE 5

**2022 VI Super 24U**

¶10    Having properly filed the motion pursuant to Rule 11,[25] the Court can determine whether Plaintiffs' counsel violated Rule 11(b). Rule 11(b)(3) requires that for any motions or pleadings presented to the Court, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." As such, counsel must conduct a reasonable investigation of the facts, and pleadings must be well grounded in fact.[26] Applying a standard of reasonableness under the circumstances, the Court assesses counsel's conduct based on what was reasonable to believe at the time the pleading was submitted.[27]

### 1. Plaintiffs' counsel failed to provide factual contentions with evidentiary support for their claim of negligent entrustment.

¶11    Under a theory of negligent entrustment, it is negligence for an actor to allow a third person to use a chattel which is under the control of the actor, if the actor knows that such person is likely to use the chattel in a manner as to create an unreasonable risk of harm to others.[28] In order to establish a claim for negligent entrustment in the Virgin Islands, a plaintiff must put forth facts alleging four elements: 1) entrustment of a chattel to a party; 2) likelihood that such party because of youth, inexperience, or otherwise would use the chattel in a manner involving unreasonable risk of harm to himself and others; 3) knowledge or reason to know by the entruster of such likelihood; and 4) proximate cause of the harm to plaintiff by the conduct of the entrustee.[29] Virgin Islands courts have dismissed negligent entrustment claims for failure to assert a specific reason why the entruster should know that a driver should know that it was likely that the entrustee would be involve in an accident.[30] A vehicle owner is not liable for negligent entrustment per se by reason of his interest in a vehicle unless the plaintiff proves that the owner's negligence caused the accident and was a direct cause of the damage or injury.[31]

¶12    In claiming negligent entrustment, Plaintiffs' initial complaint alleges that Fifer "negligently allowed Defendant Erik D. Whittington to use the vehicle that struck Plaintiff's vehicle and caused Plaintiff Norma T. Christopher injuries," and that "Defendant Fifer knew or should have known of the strong likelihood that based on Defendant Whittington's past driving habits, that he would operate the vehicle in a negligent and reckless manner."[32] However, there are

---

[25] Def. Fifer's Mot. Rule 11 Sanctions 1 (demonstrating compliance with Rule 11's "safe harbor" provision).

[26] *See Lingle,* 847 F.2d at 94.

[27] *See Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987); *see also id.*

[28] *Centerline Car Rentals, Inc. v. Whipper,* No. SX-09-CV-301, 2014 V.I. LEXIS 91, at *9-10 (V.I. Super. Ct. Oct. 22, 2014) (citing *Baron v. Rosario,* 37 V.I. 82, 85 (D.V.I. 1997)).

[29] *See Huggins v. Chungani,* No. ST-14-CV-115, 2014 V.I. LEXIS 72, at *2-3 (V.I. Super. Ct. Sept. 18, 2014) (*citing Baron,* 37 V.I. at 85); *see also Hanley v. Jones,* 21 V.I. 190, 193 (V.I. Terr. Ct. 1984).

[30] *See Warrington v. Camacho,* No. 2006-235, 2007 U.S. Dist. LEXIS 78715, at *4 (D.V.I. Oct. 22, 2007); *see also Faulknor v. Govt' of the Virgin Islands,* 60 V.I. 65 (V.I. Super. Ct. 2014); *see also Allick v. Declemente,* No. SX-10-CV-59, 2010 V.I. LEXIS 63, at *4 (V.I. Super. Ct. Sept. 15, 2010).

[31] *See Huggins,* 2014 V.I. LEXIS 72 at *2-3; *see also Hanley* 21 V.I. at 193.

[32] Pls.' Compl. 4.

**2022 VI Super 24U**

no facts alleged demonstrating that Fifer allowed Whittington to use the car. Additionally, Plaintiffs' counsel failed to assert any facts about Whittington's driving habits or inexperience, or any reasons why Fifer should have known that Whittington was likely to be involved in an accident. Plaintiffs' counsel did not file any additional exhibits or information with the complaint providing that Fifer entrusted the vehicle to Whittington or that he was aware of Whittington's past dangerous driving habits. As such, Plaintiffs' counsel did not provide a factual basis for their claim of negligent entrustment against Fifer at the time the complaint was filed, in violation of Rule 11(b)(3).

> **2. Plaintiffs' counsel's reliance on the assertion that Fifer still legally owned the vehicle at the time of the incident does not support a claim for negligent entrustment.**

¶13    While Plaintiffs' counsel violated Rule 11(b)(3) by failing to provide factual contentions with evidentiary support for their claims in the initial complaint, sanctions under Rule 11 are not warranted if counsel could have reasonably argued in support of his or her legal theory at the time the complaint was filed.[33] In opposition to Fifer's claim for Rule 11 sanctions, Plaintiffs contend that the allegations in their complaint were made in good faith based on the belief that Fifer still legally owned the vehicle cited in the complaint. Plaintiffs argue that the documents provided by Fifer's counsel do not sufficiently indicate that the sale and possession of the vehicle was effectuated before the date of the accident. Plaintiffs rely on sections 215 and 218 of title 20 of the Virgin Islands Code in support of their arguments.[34] Although the Court agrees with Fifer that ownership of a vehicle does not automatically make a person liable for the negligence of the vehicle's operator,[35] the Court will consider Plaintiffs' arguments regarding the transfer of title documents to determine if Plaintiffs could have reasonably supported their claim for negligent entrustment at the time the complaint was filed.

¶14    20 V.I.C. § 215 governs the procedures for transferring interests in a vehicle and certificates of title. 20 V.I.C. § 215(a) states that "if an owner transfers his interest in a vehicle, other than by the creation of a security interest, he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transfers in the space provided therefor on the certificate or as the Bureau of Motor Vehicles prescribes, and cause the certificate and assignment to be mailed or delivered to the transferee or to the Bureau of Motor Vehicles." On July 26, 2019, Fifer's counsel provided Plaintiffs' counsel with a certificate of title signed by Fifer and notarized by notary Sandra Riker Tate assigning and warranting title of the subject vehicle to Katarina Combs.[36] Plaintiffs argue that this is insufficient because "the vehicle transfer document was unnotarized," and nothing indicated whether Fifer "mailed or delivered the certificate of title to the transferee or the BMV as required by 20 V.I.C. § 215(a)." Plaintiffs also argue that the documents do not state

---

[33] *See Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988).

[34] Pls.' Opp'n Rule 11 Sanctions 4-5.

[35] *See Huggins*, 2014 V.I. LEXIS 72 at *2-3; *see also Hanley* 21 V.I. at 193.

[36] Def. Fifer's Mot. Rule 11 Sanctions 2 Ex. 2.

Christopher & Christopher v. Whittington & Fifer
ST-2019-CV-00177
MEMORANDUM OPINION AND ORDER
March 8, 2022
PAGE 7

**2022 VI Super 24U**

that the sale and transfer of the vehicle was effectuated before the date of the accident. Plaintiffs further assert that the documents do not show if Fifer actually delivered possession of the vehicle to the supposed transferee, and Plaintiffs question the relationship between Fifer, Whittington, and Katarina Combs.

¶15    The Court finds that Fifer's transfer of title documents complied with the requirements set out by 20 V.I.C. § 215(a). Contrary to Plaintiffs' assertion that the vehicle transfer document was unnotarized, Fifer provided Plaintiffs' counsel with a notarized vehicle transfer notice with the vehicle's registration[37] in addition to a notarized certificate of title transferring Fifer's interest in the vehicle to Katarina Combs on July 16, 2018.[38] Although these documents do not state that the sale and transfer of the vehicle was effectuated before the date of the accident, such confirmation of sale is not a requirement of 20 V.I.C. §215(a). 20 V.I.C. §215(a) also does not require that a person show actual delivery of possession of the vehicle to a transferee. Plaintiffs merely speculate about the circumstances of the sale and Fifer's relationships with Whittington and Katarina Combs. While Plaintiffs relied on the information provided in the police report regarding ownership of the vehicle, Fifer's transfer documents demonstrate that Fifer's interest in the vehicle was transferred to Katarina Combs before the date of the incident in compliance with 20 V.I.C. §215.

¶16    Additionally, as stated above, the Court agrees with Fifer that even if Fifer's documents failed to show that the title transfer complied with the applicable law, Plaintiffs' counsel still failed to allege sufficient facts to establish a claim for negligent entrustment. The elements of negligent entrustment require facts demonstrating an entrustee's unreasonably risky or harmful behavior and that an entruster had knowledge of the behavior. Plaintiffs and their counsel failed to allege these facts in the initial complaint. They failed to allege facts indicating that Fifer entrusted the vehicle to Whittington, or that he even knew Whittington. They did not respond to Defendant's Answer with these facts, and they did not include these facts in their Opposition to Fifer's Motion for Rule 11 Sanctions. Even if Fifer was the legal owner of the vehicle at the time of the incident, without additional facts about Whittington's unreasonably dangerous driving habits or Fifer's knowledge of them, Plaintiffs cannot maintain a claim for negligent entrustment.

## IV.    CONCLUSION

¶17    Rule 11 of the Virgin Islands Rules of Civil Procedure outlines standards and procedures for filing pleadings, motions, or other papers with the court. If a party fails to comply with Rule 11, the Court has discretion to impose sanctions.[39] When a party moves for sanctions against opposing counsel based on the failure to plead factual contentions with evidentiary support, the Court analyzes the opposing counsel's conduct based on what was reasonable to believe at the time the pleading was filed.[40] In this case, Fifer has demonstrated that Plaintiffs' counsel violated

---

[37] Def. Fifer's Mot. Rule 11 Sanctions 2 Ex. 3.

[38] Def. Fifer's Mot. Rule 11 Sanctions 2 Ex. 2.

[39] V.I. R. CIV. P. (11)(c).

[40] See *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988).

**2022 VI Super 24U**

Rule 11 when he filed Plaintiffs' initial complaint and asserted a claim against Fifer for negligent entrustment. The complaint failed to provide a factual basis for this claim because Plaintiffs did not allege any facts demonstrating that Fifer entrusted the vehicle to Whittington, or that Fifer knew or should have known that Whittington would be likely to cause an accident. Despite Plaintiffs' arguments that Fifer still legally owned the vehicle at the time of the accident, Fifer demonstrated compliance with Virgin Islands title transfer requirements. Additionally, a vehicle owner is not liable for the actions of a third party operator unless a plaintiff can prove that the owner's negligence caused the damage or injury.[41] The Court, therefore, has determined that Fifer has demonstrated the criteria for sanctions against Plaintiffs' counsel pursuant to Rule 11.

¶18    Accordingly, it is hereby

**ORDERED** that Defendant Nathaniel Fifer's Motion in Support of Rule 11 Sanctions Against Plaintiffs is **GRANTED**; and it is further

**ORDERED** that Defendant Fifer's counsel **SHALL FILE** an affidavit with an accounting of the reasonable cost and fees incurred in drafting and filing Defendant Nathaniel Fifer's Motion in Support of Rule 11 Sanctions Against Plaintiffs; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: MARCH 8, 2022

_____
**HON. SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court ___ / ___ / ___

By: _____
**LATOYA A. CAMACHO**
Court Clerk Supervisor 3 / 09 / 2022

---

[41] *See Huggins v. Chungani*, No. ST-14-CV-115, 2014 V.I. LEXIS 72, at *2-3 (V.I. Super. Ct. Sept. 18, 2014); *see also Hanley v. Jones*, 21 V.I. 190, 193 (V.I. Terr. Ct. 1984).